UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

BARBARA ANN JORDAN-
CROWDER,
        Appellant,

v.

ENVIRONMENTAL PROTECTION
  AGENCY,
        Agency.

DOCKET NUMBER
AT-1221-16-0096-W-1

DATE: October 14, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Barbara Ann Jordan-Crowder</u>, Woodbridge, Virginia, pro se.

<u>Alexandra Meighan</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to VACATE the administrative judge's alternative res judicata finding, we AFFIRM the initial decision.

## BACKGROUND

¶2      The agency suspended the appellant for 20 calendar days in August 2011, and removed her in October 2011.  *Jordan v. Environmental Protection Agency*, MSPB Docket No. AT-0752-11-0937-I-1, Initial Decision at 2 (Mar. 19, 2012) (0937 ID); *Jordan v. Environmental Protection Agency*, MSPB Docket No. AT-0752-12-0036-I-1, Initial Decision at 2 (Mar. 19, 2012) (0036 ID).  The appellant filed Board appeals under chapter 75 challenging these actions.  After conducting a hearing, an administrative judge affirmed the suspension and removal actions in two separate initial decisions.  0937 ID at 1, 15; 0036 ID at 2, 13.  The administrative judge, in those decisions, considered the appellant's affirmative defenses of race, color, and age discrimination (in the suspension action only), and reprisal for prior equal employment opportunity (EEO) activity (in both the suspension and removal actions), but determined that the appellant failed to prove those claims.  0937 ID at 11-14; 0036 ID at 10-13.  The appellant

filed petitions for review from those initial decisions, which the Board dismissed as untimely filed. *Jordan v. Environmental Protection Agency*, MSPB Docket No. AT-0752-11-0937-I-1, Final Order at 1-2, 4 (Sept. 22, 2015); *Jordan v. Environmental Protection Agency*, MSPB Docket No. AT-0752-12-0036-I-1, Final Order at 1-2, 5 (Sept. 22, 2015). Neither party sought further review of the Board's decisions, and they are now final. 5 C.F.R. § 1201.113(b).

¶3  On October 23, 2015, the appellant filed this IRA appeal, again challenging her 20-day suspension and removal, as well as a November 2010 1-day suspension. Initial Appeal File (IAF), Tab 1 at 4-6. She argued that these actions were based upon race, color, sex, national origin, age, religion, and disability discrimination. *Id.* She first filed a complaint with the Office of Special Counsel (OSC), which closed its file after determining that it did not have authority to investigate her claims, which were EEO claims arising under 5 U.S.C. § 2302(b)(1).[2] *Id.* at 449.

¶4  The administrative judge issued an order directing the appellant to file evidence and argument proving that her appeal was within the Board's jurisdiction. IAF, Tab 2. She did not respond. The agency filed a motion to dismiss for lack of jurisdiction. IAF, Tab 6 at 5-6. The agency, in its motion, also argued that the appellant's claims were barred by the doctrine of res judicata because she was seeking to re-raise claims that she already litigated, or could have litigated, in her prior chapter 75 Board appeals of her 20-day suspension and removal. *Id.* at 6-7. The appellant did not respond to the agency's motion.

¶5  Because the administrative judge found no factual dispute bearing on the issue of jurisdiction, he did not hold the appellant's requested hearing. IAF, Tab 1 at 2, Tab 7, Initial Decision (ID) at 1. The administrative judge issued an initial decision finding that the appellant failed to nonfrivolously allege that she

---

[2] The agency issued a final agency decision on the appellant's EEO discrimination complaint that she filed challenging the 1-day and 20-day suspensions. IAF, Tab 1, Attachments; Petition for Review (PFR) File, Tab 1 at 29-34.

made a disclosure or engaged in activity protected under the Whistleblower Enhancement Protection Act of 2012 (WPEA). ID at 3-5. Accordingly, he dismissed the appeal for lack of jurisdiction. ID at 5. The administrative judge also noted that, in the alternative, the appeal could be dismissed under the doctrine of res judicata, as the appellant previously appealed her 20-day suspension and removal from the agency and raised affirmative defenses of "race, color, age discrimination, and *reprisal*." ID at 5 n.7 (emphasis added).

¶6      The appellant filed a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency filed a response, and the appellant replied. PFR File, Tabs 3-4.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶7      On review, the appellant challenges the merits of her removal and other agency actions, including the two suspensions she received prior to her removal, and she complains about the processing of her prior EEO complaint and Board appeals. PFR File, Tabs 1, 3.

¶8      In cases like this one, wherein the material events occurred before the December 27, 2012 effective date of the WPEA, the Board applies its pre-WPEA jurisdictional standards.[3] *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶¶ 7-8 (2016). Under pre-WPEA standards, the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before

---

[3] Although the appellant filed her IRA appeal after the effective date of the WPEA, all of her alleged protected disclosures and personnel actions occurred prior to 2012. In instructing the appellant regarding her jurisdictional burden, the administrative judge properly provided the pre-WPEA standards. IAF, Tab 2. However, in the initial decision, he also set forth the Board's expanded jurisdiction under the WPEA. ID at 2-3. Because this error was not prejudicial to the appellant's substantive rights, it provides no basis for reversing the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

OSC and makes nonfrivolous allegations[4] of the following: (1) she engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Id.*, ¶ 8. As applicable here, a protected disclosure is a disclosure of information that an appellant reasonably believes evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8)(A)(2011); *Scoggins*, 123 M.S.P.R. 592, ¶ 11.

¶9        Here, it is undisputed that the appellant exhausted her administrative remedies with OSC. PFR File, Tab 1 at 14-15; IAF, Tab 1 at 449. However, as the administrative judge correctly found, the appellant failed to nonfrivolously allege that she made a protected disclosure. Specifically, the appellant failed to identify a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. ID at 3-5. She claimed below that she was retaliated against based upon her race, color, sex, national origin, age, religion, and disability. ID at 3. However, the Board has long held and recently reiterated that an allegation of discriminatory treatment by the agency in violation of Title VII of the Civil Rights Act of 1964 does not constitute a protected disclosure under 5 U.S.C. § 2302(b)(8). *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 10; *Padilla v. Department of the Air Force*, 55 M.S.P.R. 540, 542-43 (1992); *see also Serrao v. Merit Systems Protection Board*, 95 F.3d 1569, 1575 (Fed. Cir. 1996); *Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 690-92 (Fed. Cir. 1992).[5] To the extent the appellant alleged a possible violation of 5 U.S.C.

---

[4] Nonfrivolous allegations of Board jurisdiction are allegations of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Levy v. Department of Homeland Security*, 109 M.S.P.R. 444, ¶ 12 (2008).

[5] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on this issue. However, as a result of changes initiated by the Whistleblower Protection Enhancement Act of 2012 (Pub. L. No. 112-199, 126 Stat.

§ 2302(b)(1), OSC's June 29, 2015 closeout letter explicitly advised her that it defers EEO claims "to the dispute resolution procedures established by the agencies and the Equal Employment Opportunity Commission to avoid duplication." IAF, Tab 1 at 449.

¶10 In addition, prior to the enactment of the WPEA, 5 U.S.C. § 2302(b)(9) made it a prohibited personnel practice to retaliate against an employee or applicant for employment "because of the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation." *Wheeler v. Department of Veterans Affairs*, 88 M.S.P.R. 236, ¶ 9 (2001); *Williams v. Department of Defense*, 46 M.S.P.R. 549, 551 (1991). Reprisal in violation of section 2302(b)(9) was viewed as " 'reprisal based on exercising a right to complain.' " *Serrao*, 95 F.3d at 1575 (quoting *Spruill*, 978 F.2d at 690). Claims of a prohibited personnel practice, such as reprisal under section 2302(b)(9), did not serve as an independent basis for a finding of Board jurisdiction over an IRA appeal. *Flores v. Department of the Army*, 98 M.S.P.R. 427, ¶ 9 (2005); *see Serrao*, 95 F.3d at 1575. In interpreting the pre-WPEA version of 5 U.S.C. § 2302(b)(9), the Board specifically held that a claim of reprisal for exercising a right to complain in certain administrative proceedings, such as Board appellate proceedings, the EEO complaint process, grievance proceedings, and unfair labor practice proceedings, was not a basis for a finding of Board jurisdiction. *Coffer v. Department of the Navy*, 50 M.S.P.R. 54, 56-57 (1991) (filing an unfair labor practice charge/complaint); *Ruffin v. Department of the Army*, 48 M.S.P.R. 74, 78 (1991) (filing a Board appeal); *Fisher v. Department of Defense*, 47 M.S.P.R. 585, 587-88 (1991) (filing a grievance); *Williams*, 46 M.S.P.R. at 553 (filing an EEO complaint). Based on these decisions, the appellant would

---

1465), extended for three years (All Circuit Review Extension Act, Pub. L. No. 113-170, 128 Stat. 1894), and eventually made permanent (All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510), we must consider this issue with the view that the appellant ultimately may seek review of this decision before any circuit court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B).

have no right to further protection or redress as a whistleblower due to her having engaged in prior EEO activity and/or her having filed a grievance contesting the agency's alleged decision to deny her request for leave under the Family and Medical Leave Act of 1993 (FMLA).[6] IAF, Tab 1; PFR File, Tab 1.

¶11    Furthermore, even though this appeal is not covered by the WPEA, we note that the WPEA provides for Board jurisdiction in an IRA appeal over claims of reprisal for testifying or lawfully assisting any individual exercising an appeal, grievance, or complaint right, reprisal for cooperating with or disclosing information to an Inspector General or OSC, or reprisal for refusing to obey an order that would require a violation of law. 5 U.S.C. § 2302(b)(9)(B), (C), and (D) (2016); 5 U.S.C. § 1221(e)(1).[7] The Board lacks jurisdiction over reprisal for a disclosure made in the context of an EEO complaint unless the employee sought to remedy an alleged violation of section 2302(b)(8) within the EEO process. 5 U.S.C. § 1221(a); 5 U.S.C. § 2302(b)(9)(A); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶¶ 6-7 (2013) (discussing coverage under the WPEA for allegations raised in the context of an appeal, complaint, or grievance); *see Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1329 (Fed. Cir. 2020). Because the appellant did not show or allege that she was seeking to remedy such a violation in her EEO complaint, under the WPEA, her EEO complaint does not meet the criteria for IRA jurisdiction before the MSPB.

---

[6] The appellant mentioned in her appeal and on review, by way of background, that she had filed a formal grievance regarding the denial of FMLA leave, IAF, Tab 1, Exhibit F; PFR File, Tab 1 at 22, 37, but she never claimed that the agency retaliated against her for this activity. Even if she had, we would find that she failed to establish Board jurisdiction over her IRA appeal on the basis of reprisal for filing a grievance based on the same reasoning we conclude herein that she did not establish IRA jurisdiction based on her possible EEO reprisal claim.

[7] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

¶12      Accordingly, we find no basis upon which to disturb the administrative judge's determination that the Board lacks jurisdiction over the appellant's IRA appeal.[8]

## NOTICE OF APPEAL RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[8] In light of our disposition here, we vacate the administrative judge's finding that the appeal could alternatively be dismissed under the doctrine of res judicata. ID at 5 n.1.

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7703</u>(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , <u>137 S. Ct. 1975</u> (2017).  If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. <u>5 U.S.C. § 7702</u>(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7702</u>(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[10]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                    /s/ for
                                          _____
                                          Jennifer Everling
                                          Acting Clerk of the Board
Washington, D.C.